Helen F. Dalton & Associates, PC
Roman Avshalumov (RA5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Our File No: 29-L021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CELESTE V. URENA,
                         Plaintiff,                                         **COMPLAINT**

    -against-                                               **PLAINTIFF DEMANDS**
                                                     **A TRIAL BY JURY**

ROSS METALS CORP., JACK ROSS
AND KAREN ZAKARIAN individually

                             Defendants.
------------------------------------------------------------------X

       Plaintiff, CELESTE V. URENA, by and through her attorneys, HELEN F. DALTON &

ASSOCIATES, P.C., complaining of the above-named defendants, respectfully alleges as

follows:

<u>PRELIMINARY STATEMENT</u>

       This is an action brought by the Plaintiff pursuant to Title VII of the Civil Rights Act of

1964 for discrimination on the basis of religion and 42 U.S.C. § 1983 and for violation of Federal

rights guaranteed by New York State Executive Law §§ 296, the New York State Human Rights

Law and for Violation of rights guaranteed by 42 U.S.C. § 2000e. In this Complaint, Plaintiff,

CELESTE V. URENA, formerly employed by Defendants ROSS METAL CORP., JACK ROSS

AND KAREN ZAKARIAN, individually (Hereinafter: Defendants) as a Sales Assistant, seeks

redress for Defendant's discriminatory action for his failure to accommodate or allow her to

attend a mandatory religious prayer event and for their decision to retaliate against her for

attending the event.

PARTIES

1. Upon information and belief, at all times relevant, Defendant, ROSS METALS CORP, is a Corporation licensed to do business in the State of New York, which has an office located at 27 West 47th Street New York, NY 10036.

2. Upon information and belief, at all times relevant, Defendant, JACK ROSS, is a CEO of Defendant, ROSS METALS CORP.

3. Upon information and belief, at all times relevant, Defendant, JACK ROSS, is an owner of Defendant, ROSS METALS CORP.

4. Upon information and belief, at all times relevant, Defendant, KAREN ZAKARIAN, is a manager of Defendant, ROSS METALS CORP.

5. Upon information and belief, at all times relevant, Defendant, ROSS METALS CORP, was an employer of Plaintiff for the purposes of Title VII.

6. Upon information and belief, at all times relevant, Defendant, JACK ROSS, was an employer of Plaintiff and is an agent of the company for the purposes of Title VII.

7. Upon information and belief, at all times relevant, Defendant, KAREN ZAKARIAN, was an employer of Plaintiff and is an agent of the company for the purposes of Title VII.

8. At all times relevant, Plaintiff, CELESTE V. URENA (hereinafter, "Plaintiff"), is a resident of the Nassau County, State of New York, living at 124 G. Street N. Valley Stream, NY 11580.

9.  Plaintiff is a <u>Jehovah's Witness</u> and has been practicing this religion since 1986. As such she is a member of a protected class under Title VII of the civil rights act of 1964.

10. Defendants Ross Metals Corp. consistently employed more than 15 people for the period of Plaintiff's employment.

<u>JURISDICTION AND VENUE</u>

11. This court has jurisdiction over this case pursuant to 42 U.S.C. §1983 and 28 U.S.C. § 1331, because this case arises under Federal Laws and the Federal Constitution.

12. This action properly lies in the United States District Court, Southern District of New York, pursuant to 28 U.S.C. § 1391 because the unlawful employment practices alleged herein occurred in the State of New York, County of New York.

13. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

<u>NATURE OF ACTION</u>

14. This is an action for employment discrimination and wrongful termination in violation of the New York State Human Rights Law (NYSHRL), the New York City Human Rights Law (NYCHRL); Title VII of the Civil Rights Act for discrimination on the basis of religion and 42 U.S.C. § 1983 and for violation of Federal rights guaranteed by New York State Executive Law §§ 296, the New York State Human Rights Law and for Violation of rights guaranteed by of 42 U.S.C. § 2000e

15. On January 27, 2012, Plaintiff filed a charge of discrimination against ROSS METALS CORP with the Equal Employment Opportunity Commission ("EEOC"). By letter dated May 3, 2012, the EEOC advised Plaintiff, of her right to commence this action within 90 days thereafter. (See EEOC Letter attached hereto as "Exhibit A")

16. This action is commenced within 90 days of Right to Sue Letter.

<u>FACTS</u>

17. Plaintiff repeats and realleges each and every allegation contained herein.

18. In or about May, 2003, Plaintiff commenced working for Defendant, ROSS METALS CORP., at 27 West 47th Street New York, NY 10036.

19. While working for Defendant, ROSS METALS CORP., Plaintiff worked as a Sales Assistant providing customer service.

20. On or about December 1, 2011, Plaintiff had to attend a religious event which took place during her work hours. Plaintiff asked Defendant Executive Manager Mrs. KAREN ZAKARIAN if she can leave early from work to attend a religious event, of which she had made her floor Manager, Mrs. FRANCIS TRAN aware of in the past. Defendant Mrs. ZAKARIAN called Defendant JACK ROSS and asked him if Plaintiff can leave early to which he refused and did not allow her to leave early.

21. Defendant JACK ROSS also stated to Defendant Mrs. ZAKARIAN, that no one was able to take days from work or leave early. Shortly after Defendant Mrs.

ZAKARIAN ended the telephone conversation with the Defendant, Mrs. ZAKARIAN told Plaintiff that if she left early, she would lose her job.

22. Plaintiff pleaded with Defendant Mrs. ZAKARIAN not to terminate her position, because she had to attend this religious event that takes place once every 6 (six) months.

23. Defendants knew or should have known that their actions, as described above, violated or risked violating federal prohibitions on religious discrimination, and in doing so, they acted with malice or reckless indifferences.

24. Defendant Mrs. ZAKARIAN subsequently terminated Plaintiff's position.

25. Plaintiff did not go back to work the next day as she was told that if she left early she had no job.

26. Defendant JACK ROSS made the decision to terminate the Plaintiff over the phone on December 1, 2011.

27. Defendant ZAKARIAN actually terminated Plaintiff on December 1, 2011.

<u>CLAIMS FOR RELIEF</u>

FIRST CLAIM FOR RELIEF

28. Plaintiff repeats and re-alleges each and every allegation contained herein.

29. Through Defendants actions as described above, Defendants discriminated against Plaintiff on the basis of religion and refused to accommodate her religious practices in violation of Title VII of the Civil Rights Act of 1964.

30.  As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

31.  The conduct of Defendant was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to equitable and injunctive relief and an award of compensatory damages in amount to be determined at trial.

SECOND CLAIM FOR RELIEF

32.  Plaintiff repeats and re-alleges each and every allegation contained herein.

33.  Plaintiff's charge to the EEOC included an allegation that she had been Discriminated against and based upon religion, and in retaliation for his opposition to religious discrimination.

34.  The EEOC's Right to Sue letter encompassed this charge of discrimination.

35.  Defendant JACK ROSS actions and failure to act constituted employment discrimination on the basis of religion in violation of 42 U.S.C. § 2000e, et seq.

THIRD CLAIM FOR RELIEF

36.  Plaintiff repeats and realleges each and every allegation contained herein.

37.  Defendant JACK ROSS METALS CORP., actions and failure to act constituted discrimination based on creed in violation of the New York State Executive Law §§ 296, the New York State Human Rights Law.

38. The actions and failure to act of Defendant JACK ROSS, constituted aiding and abetting discrimination based on creed in violation of the New York State Human Rights Law, New York State Executive Law § 296.

<u>PRAYER FOR RELIEF</u>

39. Plaintiff hereby demands a trial by jury.

**WHEREFORE**, as a result of the discriminatory conduct and actions of the Defendant herein alleged, Plaintiff demands:

a. Judgment declaring Defendant violated the aforementioned statutes;

b. Defendant, its agents, employees, officers, and successors in interest, and those acting in concert with Defendant, be permanently enjoined from discrimination against, harassing or retaliation against Plaintiff on any basis forbidden by New York State Human Rights Law (NYSHRL), the New York City Human Rights Law (NYCHRL); Section 8-502 of the N.Y.C. Admin. Code; and Title VII of the United States Civil Rights Act of 1964, as amended, Title 42 of the United States Code, Section 2000e-17e; that Plaintiff be made whole in the form of back pay and front pay and afforded all benefits which would have been afforded Plaintiff but for said discrimination;

c. Defendant be ordered to compensate, reimburse and make the Plaintiff whole for compensatory damages in an amount to be determined at trial;

d. Defendant be ordered to pay Plaintiff punitive damages in an amount to be determined at trial;

e. Defendant be ordered to pay Plaintiff prejudgment interest;

f. Defendant be ordered to pay the costs and disbursements of this action, including Plaintiff's attorneys' fees; and

g.   For such other and further relief as may be just and proper.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated:          FOREST HILLS, NEW YORK
                June 21, 2012

Roman Avshalumov (RA5508)
Helen F. Dalton & Assoc., P.C.
69-12 Austin Street
Forest Hills, NY 11375
Tel.: (718) 263-9591
Fax: (718) 263-9598

JS 44C/SDNY
REV. 5/2010

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| CELESTE V. URENA, | ROSS METALS CORP., JACK ROSS AND KAREN ZAKARIAN as individuals |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Helen F. Dalton & Associates, P.C. (718) 263-9591 69-12 Austin Street, Forest Hills, NY 11375 | |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Fair Labor Standards Act

Has this or a similar case been previously filed in SDNY at any time? No? [✓] Yes? [ ]   Judge Previously Assigned

If yes, was this case  Vol.[ ]  Invol. [ ]  Dismissed. No[ ] Yes [ ]   If yes, give date _____ & Case No. _____

(PLACE AN [x] IN ONE BOX ONLY)                    NATURE OF SUIT

ACTIONS UNDER STATUTES

| TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|

CONTRACT

PERSONAL INJURY | PERSONAL INJURY

| | | | |
|---|---|---|---|
| [ ] 110 INSURANCE | [ ] 310 AIRPLANE | [ ] 362 PERSONAL INJURY - MED MALPRACTICE | [ ] 610 AGRICULTURE |
| [ ] 120 MARINE | [ ] 315 AIRPLANE PRODUCT LIABILITY | [ ] 365 PERSONAL INJURY PRODUCT LIABILITY | [ ] 620 OTHER FOOD & DRUG |
| [ ] 130 MILLER ACT | [ ] 320 ASSAULT, LIBEL & SLANDER | [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY | [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881 |
| [ ] 140 NEGOTIABLE INSTRUMENT | [ ] 330 FEDERAL EMPLOYERS' LIABILITY | | [ ] 630 LIQUOR LAWS |
| [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT | [ ] 340 MARINE | PERSONAL PROPERTY | [ ] 640 RR & TRUCK |
| [ ] 151 MEDICARE ACT | [ ] 345 MARINE PRODUCT LIABILITY | [ ] 370 OTHER FRAUD | [ ] 650 AIRLINE REGS |
| [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS) | [ ] 350 MOTOR VEHICLE | [ ] 371 TRUTH IN LENDING | [ ] 660 OCCUPATIONAL SAFETY/HEALTH |
| [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS | [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY | [ ] 380 OTHER PERSONAL PROPERTY DAMAGE | [ ] 690 OTHER |
| [ ] 160 STOCKHOLDERS SUITS | [ ] 360 OTHER PERSONAL INJURY | [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY | |
| [ ] 190 OTHER CONTRACT | | | LABOR |
| [ ] 195 CONTRACT PRODUCT LIABILITY | | | [ ] 710 FAIR LABOR STANDARDS ACT |
| [ ] 196 FRANCHISE | | | [ ] 720 LABOR/MGMT RELATIONS |

BANKRUPTCY
[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

PROPERTY RIGHTS
[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

SOCIAL SECURITY
[ ] 861 HIA (1395ff)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

FEDERAL TAX SUITS
[ ] 870 TAXES (U.S. Plaintiff or Defendant)
[ ] 871 IRS-THIRD PARTY 26 USC 7609

OTHER STATUTES
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 890 OTHER STATUTORY ACTIONS
[ ] 891 AGRICULTURAL ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES

[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[X] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

ACTIONS UNDER STATUTES

CIVIL RIGHTS | PRISONER PETITIONS

REAL PROPERTY

| | | | |
|---|---|---|---|
| [ ] 210 LAND CONDEMNATION | [ ] 441 VOTING | [ ] 510 MOTIONS TO VACATE SENTENCE 20 USC 2255 | IMMIGRATION |
| [ ] 220 FORECLOSURE | [X] 442 EMPLOYMENT | [ ] 530 HABEAS CORPUS | [ ] 462 NATURALIZATION APPLICATION |
| [ ] 230 RENT LEASE & EJECTMENT | [ ] 443 HOUSING/ ACCOMMODATIONS | [ ] 535 DEATH PENALTY | [ ] 463 HABEAS CORPUS- ALIEN DETAINEE |
| [ ] 240 TORTS TO LAND | [ ] 444 WELFARE | [ ] 540 MANDAMUS & OTHER | [ ] 465 OTHER IMMIGRATION ACTIONS |
| [ ] 245 TORT PRODUCT LIABILITY | [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT | [ ] 550 CIVIL RIGHTS | |
| [ ] 290 ALL OTHER REAL PROPERTY | [ ] 446 AMERICANS WITH DISABILITIES -OTHER | [ ] 555 PRISON CONDITION | |
| | [ ] 440 OTHER CIVIL RIGHTS | | |

_Check if demanded in complaint:_

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 150,000.00   OTHER _____

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

JUDGE _____   DOCKET NUMBER _____

_Check YES only if demanded in complaint_
JURY DEMAND: [✓] YES [ ] NO

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

| (PLACE AN x IN ONE BOX ONLY) | | ORIGIN | | | | |
|---|---|---|---|---|---|---|
| ☑ 1 Original Proceeding | ☐ 2a. Removed from State Court ☐ 2b. Removed from State Court AND at least one party is pro se. | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from (Specify District) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judge Judgment |

| (PLACE AN x IN ONE BOX ONLY) | BASIS OF JURISDICTION | IF DIVERSITY, INDICATE |
|---|---|---|
| ☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☑ 3 FEDERAL QUESTION (U.S. NOT A PARTY)   ☐ 4 DIVERSITY | | *CITIZENSHIP BELOW.* *(28 USC 1322, 1441)* |

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF DEF | | PTF DEF | | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 [ ] 4 | FOREIGN NATION | [ ] 6 [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

CELESTE V. URENA
1264 G Street
Valley Stream, NY 11580

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

ROSS METALS CORP.     KAREN ZAKARIAN
27 West 47th Street       27 West 47th Street
New York, NY 10036     New York, NY 10036

JACK ROSS
27 West 47th Street
New York, NY 10036

DEFENDANT(S) ADDRESS UNKNOWN
    REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE
RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   ☐ WHITE PLAINS   ☑ MANHATTAN
        (DO NOT check either box if this a PRISONER PETITION)

DATE 6/21/2012   SIGNATURE OF ATTORNEY OF RECORD        ADMITTED TO PRACTICE IN THIS DISTRICT
                                                        [ ] NO
RECEIPT #                                               [x] YES (DATE ADMITTED Mo. 06 Yr. 2007 )
                                                        Attorney Bar Code #RA5508

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| CELESTE V. URENA | ) |
| ——————————————— | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No. |
| ROSS METALS CORP., JACK ROSS | ) |
| AND KAREN ZAKARIAN , as individuals | ) |
| ——————————————— | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    ROSS METALS CORP.      KAREN ZAKARIAN
                                      27 West 47th Street        27 West 47th Street
                                        New York, NY 10036       New York, NY 10036

                                        JACK ROSS
                                        27 West 47th Street
                                        New York, NY 10036

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Helen F. Dalton & Associates, P.C.
                                     Roman Avshalumov, Esq.
                                     69-12 Austin Street
                                     Forest Hills, NY 11375

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                         _____

                                                         *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: